# EXHIBIT C TO NOTICE OF REMOVAL

# DOCUMENTS FILED
# IN STATE COURT ACTION

FILED
11/23/2020 9:00 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Kayla Buckley DEPUTY

NO. DC-20-17496

| | | |
|---|---|---|
| MATTHEW JACOB CARTWRIGHT | § | IN THE DISTRICT COURT |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | B-44TH JUDICIAL DISTRICT |
| | § | |
| CHIPOTLE MEXICAN GRILL, INC. D/B/A | § | |
| CHIPOTLE MEXICAN GRILL #112, AND | § | |
| CHIPOTLE MEXICAN GRILL OF | § | |
| COLORADO, LLC, | § | |
| **Defendants.** | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND FIRST SET OF WRITTEN DISCOVERY REQUESTS

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** MATTHEW JACOB CARTWRIGHT, hereinafter "Plaintiff," complaining of and about CHIPOTLE MEXICAN GRILL, INC. D/B/A CHIPOTLE MEXICAN GRILL #112, and CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, hereinafter collectively "Defendants," and for cause of action will show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff brings this action under Texas Rule of Civil Procedure 47(c)(4) and seeks monetary relief over $250,000 but not more than $1,000,000. Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2.      Plaintiff, MATTHEW JACOB CARTWRIGHT, is an individual residing in Ellis County, Texas. The last three numbers of Plaintiff's Texas Driver's License Number are 588.

3.      Defendant, **CHIPOTLE MEXICAN GRILL, INC. D/B/A CHIPOTLE MEXICAN GRILL #112**, is a foreign for-profit corporation doing business in the State of Texas

---

and may be served with process by serving its registered agent for service: **Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701**, or wherever the agent may be found.  **Issuance of citation is requested at this time.**

4.      Defendant, **CHIPOTLE MEXICAN GRILL OF COLORADO, LLC,** is a foreign limited liability company doing business in the State of Texas and may be served with process by serving its registered agent for service: **Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701**, or wherever the agent may be found.  **Issuance of citation is requested at this time.**

## MISNOMER/ALTER EGO

5.      In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## JURISDICTION AND VENUE

6.      The subject matter in controversy is within the jurisdictional limits of this court.

7.      This Court has jurisdiction over the parties, because said Defendants purposefully availed themselves of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

8.      Further, as required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages, harms and losses sought are in an amount within the jurisdictional

limits of this Court. Plaintiff is required by Rule 47(c), Texas Rules of Civil Procedure to state the amount of damages, in dollar amount, that represent Plaintiff's harms and losses due to the negligence of the Defendants.  The legislative history of this requirement indicates that it is for record keeping and statistical purposes only for lawsuits filed in the State of Texas.  Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which harms, losses and damages to Plaintiff is over $250,000 but not more than $1,000,000. The amount of monetary relief actually assessed by the jury or judge, however, will ultimately be determined by a jury or judge after hearing all of the evidence of harms, damages and losses. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate as well as exemplary damages.

9.      Pursuant to Texas Civil Practices and Remedies Code § 15.002, *et seq.*, venue is proper in Dallas County, Texas because it is the county where all or a substantial part of the events or omissions giving rise to this lawsuit occurred.

## FACTS

10.      On or about November 23, 2018, Plaintiff MATTHEW JACOB CARTWRIGHT (hereafter "Plaintiff") was an Invitee on property owned and/or controlled by the Defendants, CHIPOTLE MEXICAN GRILL, INC. D/B/A CHIPOTLE MEXICAN GRILL #112 and/or CHIPOTLE MEXICAN GRILL OF COLORADO, LLC (hereafter collectively "Defendants CHIPOTLE"), located at 118 East John Carpenter Freeway, Suite 160, Irving, Dallas County, Texas 75062.  On the date of the incident, which makes the basis of this lawsuit, while on Defendants CHIPOTLE's premises, Plaintiff was walking into the men's restroom when he slipped and fell on a clear liquid substance remaining after the floor had recently been mopped with no wet floor signs posted on Defendant's premises.

## CAUSES OF ACTION

11.      Defendants CHIPOTLE, as owners, operators and managers of the premises in question, and by and through their employees and/or actual, apparent, ostensible or estoppel agents and/or representatives, at all times material hereto, owe a duty to act as a reasonable and prudent property owner, operator and/or management company would have done under the same or similar circumstances.  Defendants are negligent and such negligence is the proximate cause of Plaintiff's injuries and damages.

12.      Defendants breached their duties by, among other acts and/or omissions, as follow:

a.      Creating a condition on the premises which posed an unreasonable risk of harm to individuals such as Plaintiff;

b.      Permitting an unreasonably dangerous condition which Defendants knew, or in the exercise of ordinary care should have known about, to exist on the premises in areas which Defendants knew that persons such as Plaintiff are likely to suddenly and unexpectedly encounter without warning and that constitute a hazard and risk of personal injury;

c.      In choosing not to conduct reasonable inspections of the Defendants' premises in order to discover the condition on the premises which poses an unreasonable risk of harm to individuals such as Plaintiff;

d.      In choosing not to warn Plaintiff of the condition on the premises which posed an unreasonable risk of harm to individuals such as Plaintiff;

e.      In choosing not to make safe a condition on the premises which Defendants knew, or in the exercise of ordinary care should have known, posed an unreasonable risk of harm to individuals such as Plaintiff; and,

f.      In choosing not to timely and properly remedy the condition so as to prevent harm or injury to others such as Plaintiff.

13.      At the time of the incident which makes the basis of this lawsuit, Defendants were the owners, operators, and/or the managers of the premises located at 118 East John Carpenter Freeway, Suite 160, Irving, Dallas County, Texas 75062.

14.     Plaintiff was at and/or on Defendants' premises with Defendants' knowledge and for their mutual benefit.

15.     A condition on Defendants' premises posed an unreasonable risk of harm.  The clear liquid substance on the floor on the Defendants' premises created a dangerous and hazardous condition proximately causing the incident in question.

16.     Defendants knew or reasonably should have known of the dangerous condition existing on the premises in question.

17.     Defendants had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff.  This duty includes the duty to inspect and the duty to warn or to cure. Defendants breached the duty of ordinary care by choosing not to remedy the unsafe condition of the clear liquid substance on the floor on Defendants' premises and/or by failing to post warning signs.

18.     Defendants were also negligent in the hiring, supervision, training, and retaining its employees who caused and/or failed to remedy the unreasonably dangerous condition.

19.     Plaintiff will show that Defendants failed to exercise ordinary care in performing such duty. The acts and/or omissions of Defendants described above by which Defendants breached such duties, constitutes a proximate cause of Plaintiff's damages described more fully below, for which Defendants are liable to Plaintiff.

20.     Each of such acts and/or omissions, singularly or in combination with others, are a proximate cause of the occurrence and damages sustained by Plaintiff, for which Plaintiff prays judgment of this Court in an amount within the jurisdictional limits of this Court.

## DAMAGES – MATTHEW JACOB CARTWRIGHT

21.     As a direct and proximate result of the breach of duty, negligent acts and/or omissions of Defendants, set forth herein above, Plaintiff suffered serious injuries and damages, including the following:

A.     Medical care expenses sustained in the past;

B.     Medical care expenses that, in reasonable probability, Plaintiff will sustain in the future;

C.     Physical pain and mental anguish sustained in the past;

D.     Physical pain and mental anguish which, in reasonable probability, will be suffered  in the future;

E.     Physical impairment in the past;

F.     Physical impairment which, in reasonable probability, will be suffered in the future;

G.     Loss of earnings in the past;

H.     Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future.

## WRITTEN DISCOVERY REQUESTS

22.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in Rule 194.2 (a)-(l) within 50 days of the service of this request.

23.     Under Texas Rules of Civil Procedure 196, 197, 198, and 193.3(b), Plaintiff requests that Defendants respond within 50 days of service of this request, to Plaintiff's First Set of Written Discovery Requests to Defendant (Interrogatories, Request for Admissions, Request for Production, and Request for Privilege Log), made a part of this petition as **Exhibit A**.

## INTENT TO USE DEFENDANTS' DOCUMENTS

24.     In accordance with Texas Rules of Civil Procedure 193.7, any documents produced by Defendants in response to written discovery will be used by Plaintiff at any pre-trial proceeding or trial.

## INTENT TO USE U.S. LIFE TABLES

25.     Plaintiff hereby notifies the Defendants of his intent to use U.S. Life Tables as published by the U.S. Government in trial of this matter.

26.     Plaintiff has met all conditions precedent to the filing of this lawsuit.

## REQUEST FOR JURY

27.     Plaintiff requests a trial by jury on all issues herein and tenders the appropriate fee at the time of filing of this petition.

## DESIGNATED E-SERVICE EMAIL ADDRESS

28.     The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P. 21(f)(2) & 21(a):   **eservice@kastllaw.com**.   This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendants be cited to appear and answer herein, and that upon a final trial and hearing, Plaintiff have judgment against Defendants, jointly and severally, for damages for monetary relief over $250,000 but not more than $1,000,000, which is within the jurisdictional limits of the Court; together with pre-judgment interest from the date of injury through the date of judgment at the maximum rate allowed by law;

post-judgment interest at the highest legal rate until the time the judgment is paid; costs of court;

and such other and further relief to which Plaintiff may be justly entitled at law or in equity.

Respectfully submitted,

**KASTL LAW, P.C.**

/s/ *Kristina N. Kastl*
**Kristina N. Kastl**
State Bar No. 24025467
Email: kkastl@kastllaw.com
**Sorana G. Ban**
State Bar No. 24061520
Email: sban@kastllaw.com
**Blake Hollingsworth**
State Bar No. 24113368
Email: bhollingsworth@kastllaw.com
**Elizabeth A. Brammer**
State Bar No. 24118337
Email: ebrammer@kastllaw.com
**DALLAS OFFICE**
**4144 North Central Expressway, Suite 1000**
**Dallas, Texas 75204**
**Phone: (214) 821-0230**
**Fax: (214) 821-0231**

**ATTORNEYS FOR PLAINTIFF**

***Please note and document Kastl Law, P.C.'s new
e-serve address. All future e-serve notifications
must be served at: eservice@kastllaw.com.**

**Service is only effectuated if it is served through
our eservice@kastllaw.com email. Any other
Kastl Law, P.C. email is considered ineffective
service.**

## EXHIBIT A

## DEFINITIONS

1.      "Premises" shall refer to the property located at 118 East John Carpenter Freeway, Suite 160, Irving, Dallas County, Texas 75062.   At all times material hereto, Defendants CHIPOTLE MEXICAN GRILL, INC. D/B/A CHIPOTLE MEXICAN GRILL #112, and/or CHIPOTLE MEXICAN GRILL OF COLORADO, LLC owned, operated, and controlled the property located at 118 East John Carpenter Freeway, Suite 160, Irving, Dallas County, Texas 75062.

2.      "You," and "Your," and "Defendant(s)" shall mean Defendants CHIPOTLE MEXICAN GRILL, INC. D/B/A CHIPOTLE MEXICAN GRILL #112, and/or CHIPOTLE MEXICAN GRILL OF COLORADO, LLC as captioned in Plaintiff's Original Petition, and all other persons or entities acting on its behalf and all employees who work on its behalf in the course and scope of your employment and in furtherance of your business.  "You" also includes any agent that acts on your behalf.

3.      "Lawsuit" and "case" refer to the above-numbered and entitled lawsuit.

4.      "Person" and "witness" means the plural as well as the singular and includes: natural persons, governmental agencies, municipalities, departments, units, or any subdivisions, corporations, firms, associations, partnerships, joint ventures, or any other form of business entity.

5.      The terms "and" and "or" as used herein are to be interpreted both disjunctively and conjunctively.

6.      "Document" and "documents" as used herein shall mean the original and each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein, or attached thereto or otherwise) written or graphic matter, however produced or reproduced, whether sent or received, or neither, including drafts and both sides thereof, and including, but not limited to, printed, typewritten, emails and computer printed or written matter, and mechanical, magnetic and electronic recordings and shall include, without limitation, letters, telegrams, cablegrams, telex messages, TWX messages, correspondence, notations, work papers, transcripts, corporate books or minutes, reports, memoranda studies, summaries, agendas, bulletins, records of telephone or other conversations, or of interviews, conferences or other meetings, maps, charts, plans, specifications, diagrams, photographs, affidavits, statements, statistical diagrams, records, lists, tabulations, memoranda, notes, diaries, calendars, calendar, pads, newspaper clippings, appointment books or records, reports, worksheets, printed business forms, expense account reports or records, contracts, agreements, accounting records (including loan history), promissory notes, security agreements, pledge agreements, guaranties, loan agreements, credit reports, loan applications, financial statements, loan memoranda, private placement memoranda, bank statements, certificates of deposit, letters of credit, bids, quotations, proposals, bills, invoices, statements and other books, records, papers, copies, and drafts and proposed forms of any of such items or matters, or tapes, disks, sound records, computer printouts, data processing input and output, microfilm, microfiche, all other records kept by electronic,

photographic, or mechanical means, and items similar to all of the foregoing which were prepared by you or for you, or which are in or subject to your possession, custody, or control. The term "document" shall also include all "writings and recordings" as defined by Rule 1001 of the Texas Rules of Civil Evidence.  If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, you shall also produce such documents as are necessary for decoding, playing back, printing out, and/or interpretation thereof, and any other documents which are necessary to convert such information into a useful and usable format.  If you can demonstrate that the original is unavailable, the terms "document" and "documents" shall also include a copy of the original.

7.      "Identify," as used herein with respect to a person, means to provide the name, address, and telephone number of such person.

8.      "Identify," as used herein with respect to a document, means to state with respect to such document sufficient detail to permit another party to this lawsuit to locate and identify as readily as can you, such document.  Such information and detail might include for each document: (i) the name of the person who prepared it, (ii) the name of the person who signed it, or over whose name it was issued, (iii) the name of each person to whom it was addressed and/or sent or distributed, (iv) the general type of such documents (e.g., letter, memorandum, contract, etc.), (v) the date of such document, or if it bears no date, the date on or about which it was made or prepared, (vi) the physical location of such document, and (vii) the name and address of the persons having possession, custody, or control of such document.  In lieu of providing such information and detail, you may attach such document to your answer to these discovery requests and indicate for which Interrogatory each document is applicable.

9.      "Plaintiff" or "Plaintiffs" shall mean the person(s) captioned and identified as Plaintiff(s) in Plaintiff's Original Petition filed in this matter; except to the extent that these Discovery Requests are being served by Plaintiff, MATTHEW JACOB CARTWRIGHT.

10.      "Negligence" means failure to use ordinary care; that is, failure to do that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

11.      "Ordinary Care" means that degree of care which would be used by a person of ordinary prudence under the same or similar circumstance.

12.      "Proximate Cause" means the cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred; and in order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

13.      The "incident in question" or "incident" shall refer to the fall incident more specifically described Paragraph 10 of Plaintiff's Original Petition.

## FIRST SET OF INTERROGATORIES

A.   Plaintiff, pursuant to TRCP 197, serves the attached Interrogatories to be propounded to the Defendants. These questions are being served upon you, the Defendants, and you are notified that Plaintiff specifies that the answers shall be served fifty (50) days after service of this request. These Interrogatories shall be answered separately and fully in writing under oath and signed by the person making them.

## INSTRUCTIONS

1.   The Interrogatories are to be answered separately and fully in writing, be signed under oath, and delivered to the Plaintiff's counsel within fifty (50) days after service hereof. The answers shall be preceded by the question or interrogatory to which the answer pertains.

2.   These Interrogatories seek answers current to the date of response. Pursuant to the Rules, you are under a duty to supplement your answers, and these Interrogatories shall be deemed continuing in nature to require such supplementation of all additional information as may hereafter be obtained by you, or by any person on your behalf, between the time answers are served and the time of trial.

3.   If any answer is refused in whole or in part on the basis of a claim of privilege or exemption, state the following: (a) the nature of the privilege/exemption claimed; (b) the general nature of the matter withheld (e.g., substance of conversation of the withheld information, name of originator); (c) name(s) of person(s) to whom the information has been imparted; and (d) the extent, if any, to which the information will be provided subject to the privilege/exemption.

**INTERROGATORY NO. 1:**      Please state the names of all persons who provided information in answering these interrogatories and Defendant's Response to Plaintiff's Request for Disclosure.

**ANSWER:**

**INTERROGATORY NO. 2:**      Before Plaintiff fell, was any agent, servant, or employee of Defendant aware of the clear liquid substance on the floor on the premise? If so, please identify said agent(s), servant(s), or employee(s).

**ANSWER:**

**INTERROGATORY NO. 3:**      What did you do, if anything, to warn Plaintiff of the condition prior to the incident in question?

**ANSWER:**

**INTERROGATORY NO. 4:**     Please describe the investigation, if any, conducted by you concerning the incident in question.  This interrogatory does not include any investigation conducted by you in anticipation of litigation nor does it seek to violate the attorney-client privilege.

**ANSWER:**

**INTERROGATORY NO. 5:**     If you conducted an inspection of the area on the ground near where Plaintiff fell either prior to or subsequent to Plaintiff's fall, please describe what the inspection revealed.

**ANSWER:**

**INTERROGATORY NO. 6:**     Please identify the person(s) who cleaned and/or mopped the men's restroom prior to Plaintiff's fall, the approximate time of such event, and identify the substance(s) used to clean the floor, including the type of floor cleaned.

**ANSWER:**

**INTERROGATORY NO. 7:**     If any of your patrons, customers or employees have fallen at the premise in question in the last five (5) years in a same or similar fashion, please provide the following information for each incident:

    (a)     The name, address and telephone number of person(s) who fell;
    (b)     The date of occurrence;
    (c)     Whether the individual required medical attention/treatment as a result of the fall;
    (d)     Whether a claim or lawsuit was filed as a result; and,
    (e)     What actions were taken by Defendant to prevent future falls?

**ANSWER:**

**INTERROGATORY NO. 8**     If any of your agents, servants, employees, owners, or patrons witnessed the incident made the basis of this suit, please provide the following information:

    (a)     Name, address and phone number of the individual(s);
    (b)     A description of what the individual(s) witnessed; and,
    (c)     Whether a written or recorded statement was obtained from the individual(s).

**ANSWER:**

**INTERROGATORY NO. 9:**     Please describe any conversations, if any, had between your agents, servants, or employees and Plaintiff or any witness to the incident in question.

**ANSWER:**

---

**INTERROGATORY NO. 10:**  Please describe what assistance, if any, was provided by your agents, servants, or employees to Plaintiff after he fell at the premise in question.

**ANSWER:**

**INTERROGATORY NO. 11:** Were any photographs and/or videotapes taken of the Plaintiff or the scene of the incident immediately prior to or immediately after the incident in question?  If so, who took such photographs and who has possession of such photographs?  If not, why not?  And identify who has possession of any such videotapes.

**ANSWER:**

**INTERROGATORY NO. 12:**  If it is your contention that you are not liable for Plaintiff's fall and/or damages, please state the basis for such contention.

**ANSWER:**


## REQUEST FOR ADMISSIONS

**B.**      Pursuant to Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff serves the following Request for Admissions to Defendants.  Defendants are requested to respond fully, in writing, and in accordance with Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE.  The admissions requested are to be responded to fifty (50) days after service of this request.  The failure to answer within the prescribed period may result in the Admissions being deemed admitted by the aforementioned Court.  **If you fail to admit a matter upon which Plaintiff later has to prove at her expense, you may have to pay for the costs of such proof if you do not have good cause for admitting the request when such request was served.**

**ADMISSION NO. 1:**  Admit you have been properly named in Plaintiff's Original Petition.

**ADMISSION NO. 2:**  Admit you are a proper party.

**ADMISSION NO. 3:**  Admit the Court has subject matter and personal jurisdiction over you.

**ADMISSION NO. 4:**  Admit venue is proper in Dallas County, Texas.

**ADMISSION NO. 5:**  Admit you were properly served with process.

**ADMISSION NO. 6:**  Admit you breached a duty to Plaintiff.

**ADMISSION NO. 7:**  Admit all allegations in Plaintiff's Original Petition are factually correct.

**ADMISSION NO. 8:**  Admit Plaintiff suffered physical pain and mental anguish as a result of your negligence.

**ADMISSION NO. 9:**  Admit that Plaintiff did nothing to cause or contribute to the incident in question.

**ADMISSION NO. 10**:  Admit that you knew or should have known about the dangerous condition on the premises prior to the incident in question.

**ADMISSION NO. 11:**  Admit that Plaintiff has incurred past medical expenses as a direct result of the injuries that she sustained during the incident in question.

**ADMISSION NO. 12:**  Admit that the past medical services referenced in the previous request for admission were necessary, reasonable, and customary for the services at the time and place that those services were provided to Plaintiff.

**ADMISSION NO. 13**:  Admit that you created a condition on the premise, which posed an unreasonable risk of harm to Plaintiff on the date of the incident which makes the basis of this lawsuit.

**ADMISSION NO. 14**:  Admit that you did nothing to warn Plaintiff about the dangerous condition (the clear liquid substance on the floor) prior to the incident in question.

**ADMISSION NO. 15**:  Admit that you did not post any warning signs prior to Plaintiff's fall to warn of the condition on the floor in the men's restroom on the date in question.

**ADMISSION NO. 16**:  Admit that you did not conduct a reasonable inspection of the premises prior to the incident which makes the basis of this lawsuit.

**ADMISSION NO. 17**:  Admit that in choosing not to conduct a reasonable inspect of the premises prior to the incident which makes the basis of this lawsuit, you created an unreasonable risk of harm to Plaintiff.

**ADMISSION NO. 18**:  Admit that in choosing not to timely and properly remedy the condition on the premises, you caused harm and injury to the Plaintiff.


## REQUEST FOR PRODUCTION

C.      Pursuant to Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff serves the following requests for Production of Documents on Defendants.  Defendants are requested to respond fully, in writing, and in accordance with TRCP 196.  The documents requested are to be produced to Plaintiff's counsel within fifty (50) days after service of this request.  You are further advised that you are under a duty to reasonably supplement your answer.

**NOTE:  For each separately numbered request below please delineate each set of documents so that it can be easily ascertained which documents relate to which numbered request**.

**REQUEST NO. 1:**    Photographs, slides, videotapes and/or motion pictures:  All photographs, slides, videotapes and/or motion pictures which are in any way relevant to Plaintiff, Plaintiff's injuries and damages, the scene of the incident made the basis of this suit, Plaintiff's causes of action and Defendants' defenses, including, drawings, graphs, charts, and electronic data.

**REQUEST NO. 2:**  Correspondence/Emails/Electronic Data Between Plaintiff and Defendants: Correspondence, emails, hand-written notes and/or electronic data exchanged between you and/or your employees, agents, or servants and Plaintiff and Plaintiff's agents and/or representatives regarding anything related to the incident in question, no matter how remote.

**REQUEST NO. 3:**  Statements: Written, taped or transcribed statements from the Plaintiff, Defendant's agents, servants, employees, or representatives, and of any eyewitness relevant to the incident made the basis of this lawsuit.

**REQUEST NO. 4:**  Documents supporting contention you are not liable.  All documents that support your contention that you are not responsible for the Plaintiff's damages.

**REQUEST NO. 5:**  Evidence at trial.  All documents and/or tangible things that you anticipate offering into evidence at the trial of this case.

**REQUEST NO. 6:**  Documents relied upon to answer Interrogatories.  Documents, photographs, videos, and tangible things you identified and/or relied upon, if even in part, in answering the above discovery requests.

**REQUEST NO. 7:**  Footage of Plaintiff.  Please produce all raw footage, surveillance footage, videos, pictures, or drawings you have documenting the Plaintiff.

**REQUEST NO. 8:**   Investigative materials.  A true and correct copy of any and all investigation materials regarding the incident made the basis of this suit.

**REQUEST NO. 9:**  DWQ - Copies of any and all depositions on written questions (with accompanying records) obtained in this litigation.

**REQUEST NO. 10:**  Accident/Incident Reports - All accident or incident reports prepared by you and/or any governmental agency regarding the incident in question.

**REQUEST NO. 11:**  Other Lawsuits - Any and all documentation reflecting other lawsuits in which you have been involved in the past 5 years for same or similar incidents as the one made the basis of this suit.

**REQUEST NO. 12:**  Consulting Expert - Please produce your consulting expert's entire file, including but not limited to, all correspondence, bills, memoranda, graphs, charts, work notes, written notes, calculations, estimations and any and all documents and/or other materials supplied to and/or received from any consulting expert.  For purposes of this Request, a "consulting expert" is one whose work product forms the basis, either in whole or in part, of the opinions of an expert who may be called to testify in any trial of this cause.

**REQUEST NO. 13:**  Documents Reviewed by a Testifying Expert(s) - Any and all records, electronic data, photographs, videotaped materials and all other tangible matters reviewed by an expert who is expected to be called to testify at the time of the trial of this case, including such expert(s) report.

**REQUEST NO. 14:**  Documents Reviewed by a Consulting Expert(s) - Any and all records, electronic data, photographs, videotaped materials and all other tangible matters reviewed by a consulting expert whose mental impressions and opinions have been reviewed by a testifying expert relevant to this lawsuit, including such consulting expert(s) report.

**REQUEST NO. 15:**  Retainer Agreement, Invoices &/or Statements – Testifying Expert(s) - Any and all retainer agreements, invoices, statements, and all other tangible matters reflecting your testifying expert(s) fees, retainer, and/or payments made to such expert(s) relevant to this lawsuit.

**REQUEST NO. 16:**  Retainer Agreement, Invoices &/or Statements – Consulting Expert(s) - Any and all retainer agreements, invoices, statements, and all other tangible matters reflecting fees charged, retainer, and/or payments made to such consulting expert(s) whose mental impressions and opinions have been reviewed by a testifying expert relevant to this lawsuit.

**REQUEST NO. 17:**  Policies and Procedures/Handbooks - Any and all policies and procedures pertaining to customer safety, prevention of fall incidents, handling/reporting/investigation of customer incidents, training of employees and managers on incident policies, forms and processes used when reporting a customer incident, maintenance logs, schedules for mandatory inspection of the property for hazards, placement of warning signs when a hazard has been identified, remediation of hazards, and document retention.

**REQUEST NO. 18:**  Job Descriptions and Job Duties - Any and all documents which evidence the job description or duties of the Defendant's employees responsible for maintaining the premises in question in a clean and hazard-free manner on the date of the incident made the basis of this lawsuit.

**REQUEST NO. 19:**  Employment and/or Personnel Files - The employment and/or personnel files of the persons who were working on the premises in question at the time and place referenced in Plaintiff's Original Petition.

## REQUEST FOR PRIVILEGE LOG

D.      Privilege Log:  Defendants are requested to respond fully, in writing.  The documents
        requested are to be produced to Plaintiff's counsel within fifty (50) days after service of this
        request.  You are further advised that you are under a duty to reasonably supplement your
        answer.  If you are withholding documents based upon the assertion of a privilege, please
        produce a privilege log in accordance with Rule 193.3 (b), detailing with reasonable
        particularity a description of the documents withheld, the number of documents, and the
        privilege which you claim properly precludes the information from being discovered.
        Specifically do the following:

   (a)   Detail the privilege asserted;

   (b)   The title of the document(s) upon which the privilege is asserted;

   (c)   The General substance of the document(s) upon which you claim there is a privilege;

   (d)   Identify the location and custodian of the document(s);

   (e)   Brief Description why, in your view, the privilege shields the document from
         discovery; and,

   (f)   Bates stamp the documents upon which you claim there is a privilege for in camera
         inspection at a later hearing.

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   **CHIPOTLE MEXICAN GRILL, INC. D/B/A CHIPOTLE MEXICAN GRILL #112**
**REGISTERED AGENT CORPORATION SERVICE COMPANY, D/B/A**
**CSC-LAWYERS INCORPORATING SERVICE COMPANY**
**211 E. 7TH ST. STE. 620**
**AUSTIN, TX  78701**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MATTHEW JACOB CARTWRIGHT**

Filed in said Court  **23rd day of November, 2020** against

**CHIPOTLE MEXICAN GRILL, INC. D/B/A CHIPOTLE MEXICAN GRILL #112; AND CHIPOTLE MEXICAN GRILL OF COLORADO, LLC**

For Suit, said suit being numbered __DC-20-17496,__ the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition **REQUEST FOR DISCLOSURE, ADMISSIONS, PRODUCTION AND INTERROGATORIES**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 1st day of December, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____*Irasema Sutherland*_____, Deputy
            IRASEMA SUTHERLAND



---

**ESERVE**

**CITATION**

**DC-20-17496**

**MATTHEW JACOB CARTWRIGHT**
**vs.**
**CHIPOTLE MEXICAN GRILL, INC, et al**

ISSUED THIS
**1st day of December, 2020**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  **IRASEMA SUTHERLAND**, Deputy

---

**Attorney for Plaintiff**
KRISTINA N. KASTL
KASTL LAW PC
4144 N CENTRAL EXPY STE 1000
DALLAS TX  75204
214-821-0230
kkastl@kastllaw.com
eservice@kastllaw.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-20-17496

Court No.44th District Court

Style: MATTHEW JACOB CARTWRIGHT

  vs.

CHIPOTLE MEXICAN GRILL, INC, et al

Came to hand on the _____day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of _____County, _____ |
| For Notary | $_____ | By _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____before me this _____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public _____County _____

# FORM NO.  353-3 - CITATION
# THE STATE OF TEXAS

To:   **CHIPOTLE MEXICAN GRILL OF COLORADO, LLC
REGISTERED AGENT CORPORATION SERVICE COMPANY, D/B/A
CSC-LAWYERS INCORPORATING SERVICE COMPANY
211 E. 7TH ST. STE. 620
AUSTIN, TX  78701**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MATTHEW JACOB CARTWRIGHT**

Filed in said Court  **23rd day of November, 2020** against

**CHIPOTLE MEXICAN GRILL, INC. D/B/A CHIPOTLE MEXICAN GRILL #112; AND
CHIPOTLE MEXICAN GRILL OF COLORADO, LLC**

For Suit, said suit being numbered **DC-20-17496,** the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition **REQUEST FOR DISCLOSURE, ADMISSIONS, PRODUCTION AND INTERROGATORIES**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 1st day of December, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By *Irasema Sutherland* , Deputy
IRASEMA SUTHERLAND



---

**ESERVE**

**CITATION**

**DC-20-17496**

**MATTHEW JACOB CARTWRIGHT
vs.
CHIPOTLE MEXICAN GRILL, INC, et al**

ISSUED THIS
**1st day of December, 2020**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  **IRASEMA SUTHERLAND**, Deputy

---

**Attorney for Plaintiff**
KRISTINA N. KASTL
KASTL LAW PC
4144 N CENTRAL EXPY STE 1000
DALLAS TX  75204
214-821-0230
kkastl@kastllaw.com
eservice@kastllaw.com

**DALLAS COUNTY
SERVICE FEES
NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-20-17496

Court No.44th District Court

Style: MATTHEW JACOB CARTWRIGHT

  vs.

CHIPOTLE MEXICAN GRILL, INC, et al

Came to hand on the _____day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____before me this _____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public _____County _____

CAUSE NO. DC-20-17496

| | | |
|---|---|---|
| MATTHEW JACOB CARTWRIGHT, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| CHIPOTLE MEXICAN GRILL, INC., et al, | § | |
| | § | |
| Defendant(s). | § | 44TH JUDICIAL DISTRICT |

## STATUS CONFERENCE ORDER

Please be advised that the above-referenced matter is hereby set for a status conference/dismissal hearing at:

### 9:00 a.m. on January 15, 2021

Failure to appear at this hearing may result in the dismissal of this matter for want of prosecution pursuant to Texas Rules of Civil Procedure 165a and the Court's inherent power.

Signed this 1st day of December, 2020.

_____
JUDGE PRESIDING

FILED
12/11/2020 9:21 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Felicia Pitre DEPUTY

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**   **CHIPOTLE MEXICAN GRILL OF COLORADO, LLC**
**REGISTERED AGENT CORPORATION SERVICE COMPANY, D/B/A**
**CSC-LAWYERS INCORPORATING SERVICE COMPANY**
**211 E. 7TH ST. STE. 620**
**AUSTIN, TX 78701**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may be
taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MATTHEW JACOB CARTWRIGHT**

Filed in said Court **23rd day of November, 2020** against

**CHIPOTLE MEXICAN GRILL, INC. D/B/A CHIPOTLE MEXICAN GRILL #112; AND**
**CHIPOTLE MEXICAN GRILL OF COLORADO, LLC**

For Suit, said suit being numbered **DC-20-17496,** the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition **REQUEST FOR DISCLOSURE, ADMISSIONS,**
**PRODUCTION AND INTERROGATORIES**, a copy of which accompanies this citation. If this
citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 1st day of December, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _Irasema Sutherland_ , Deputy
        IRASEMA SUTHERLAND

## SEE ATTACHED
## DECLARATION



---

**ESERVE**

**CITATION**

**DC-20-17496**

**MATTHEW JACOB CARTWRIGHT**
**vs.**
**CHIPOTLE MEXICAN GRILL, INC, et al**

ISSUED THIS
**1st day of December, 2020**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: **IRASEMA SUTHERLAND**, Deputy

---

**Attorney for Plaintiff**
KRISTINA N. KASTL
KASTL LAW PC
4144 N CENTRAL EXPY STE 1000
DALLAS TX 75204
214-821-0230
kkastl@kastllaw.com
eservice@kastllaw.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

**State of Texas**         **County of Dallas**         **44th District Court**

Case Number: DC-20-17496

Plaintiff:
**MATTHEW JACOB CARTWRIGHT**

vs.

Defendants:
**CHIPOTLE MEXICAN GRILL, INC, et al.**

For:
Kristina N. Kastl
3601 Hulen Street, Ste. 101
Ft. Worth, TX 76107

Received by Travis Wyatt on the 1st day of December, 2020 at 2:02 pm to be served on **CHIPOTLE MEXICAN GRILL OF COLORADO, LLC Registered Agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701**.

I, Travis Wyatt, do hereby affirm that on the **2nd day of December, 2020** at **11:15 am, I:**

delivered a true and correct copy of this **CITATION, with attached PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND AND FIRST SET OF WRITTEN DISCOVERY REQUESTS and EXHIBIT A,** after endorsing the date of delivery thereon, to **CHIPOTLE MEXICAN GRILL OF COLORADO, LLC,** by delivering to its Registered Agent, **Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company**. Accepted by **Samantha Guerra**, Authorized Agent of Corporation Service Company, in person, at: **211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701-3218**.

My name is Travis Scott Wyatt, my date of birth is 10/20/1971, and my address is 1 Chisholm Trail, Suite 450, Round Rock, TX 78681, USA. I declare under penalty of perjury that the foregoing is true and correct. Executed in Travis County, State of Texas, on the 7th day of December, 2020.

**Travis Wyatt**
PSC-4959, Exp. 3/31/22

**Falcon Document Solutions**
**301 Commerce Street**
**Suite 240**
**Fort Worth, TX 76102**
**(817) 509-6127**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jami Couri on behalf of Kristina Kastl
Bar No. 24025467
jcouri@kastllaw.com
Envelope ID: 48858802
Status as of 12/13/2020 11:04 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kristina N.Kastl | | eservice@kastllaw.com | 12/11/2020 9:21:52 AM | SENT |
| Sandra Gomez | | sgomez@kastllaw.com | 12/11/2020 9:21:52 AM | SENT |
| Sorana Ban | | sban@kastllaw.com | 12/11/2020 9:21:52 AM | SENT |

FILED
12/11/2020 9:21 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Felicia Pitre DEPUTY

**FORM NO. 353-3 - CITATION**
# THE STATE OF TEXAS

To: **CHIPOTLE MEXICAN GRILL, INC. D/B/A CHIPOTLE MEXICAN GRILL #112**
**REGISTERED AGENT CORPORATION SERVICE COMPANY, D/B/A**
**CSC-LAWYERS INCORPORATING SERVICE COMPANY**
**211 E. 7TH ST. STE. 620**
**AUSTIN, TX 78701**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MATTHEW JACOB CARTWRIGHT**

Filed in said Court **23rd day of November, 2020** against

**CHIPOTLE MEXICAN GRILL, INC. D/B/A CHIPOTLE MEXICAN GRILL #112; AND**
**CHIPOTLE MEXICAN GRILL OF COLORADO, LLC**

For Suit, said suit being numbered <u>**DC-20-17496,**</u> the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition **REQUEST FOR DISCLOSURE, ADMISSIONS, PRODUCTION AND INTERROGATORIES**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 1st day of December, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
                **IRASEMA SUTHERLAND**



**SEE ATTACHED**

**DECLARATION**

---

## ESERVE

### CITATION

## DC-20-17496

**MATTHEW JACOB CARTWRIGHT**
**vs.**
**CHIPOTLE MEXICAN GRILL, INC, et al**

ISSUED THIS
**1st day of December, 2020**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: **IRASEMA SUTHERLAND**, Deputy

---

**Attorney for Plaintiff**
KRISTINA N. KASTL
KASTL LAW PC
4144 N CENTRAL EXPY STE 1000
DALLAS TX 75204
214-821-0230
kkastl@kastllaw.com
eservice@kastllaw.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

**RETURN OF SERVICE**

| | | |
|---|---|---|
| **State of Texas** | **County of Dallas** | **44th District Court** |

Case Number: DC-20-17496

Plaintiff:
**MATTHEW JACOB CARTWRIGHT**

vs.

Defendants:
**CHIPOTLE MEXICAN GRILL, INC, et al.**

For:
Kristina N. Kastl
3601 Hulen Street, Ste. 101
Ft. Worth, TX 76107

Received by Travis Wyatt on the 1st day of December, 2020 at 2:02 pm to be served on **CHIPOTLE MEXICAN GRILL, INC. D/B/A CHIPOTLE MEXICAN GRILL #112, Registered Agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701**.

I, Travis Wyatt, do hereby affirm that on the **2nd day of December, 2020** at **11:15 am, I:**

delivered a true and correct copy of this **CITATION, with attached PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND AND FIRST SET OF WRITTEN DISCOVERY REQUESTS and EXHIBIT A,** after endorsing the date of delivery thereon, to **CHIPOTLE MEXICAN GRILL, INC. D/B/A CHIPOTLE MEXICAN GRILL #112,** by delivering to its Registered Agent, **Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company**. Accepted by **Samantha Guerra**, Authorized Agent of Corporation Service Company, in person, at: **211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701-3218**.

My name is Travis Scott Wyatt, my date of birth is 10/20/1971, and my address is 1 Chisholm Trail, Suite 450, Round Rock, TX 78681, USA. I declare under penalty of perjury that the foregoing is true and correct. Executed in Travis County, State of Texas, on the 7th day of December, 2020.

**Travis Wyatt**
PSC-4959, Exp. 3/31/22

**Falcon Document Solutions**
**301 Commerce Street**
**Suite 240**
**Fort Worth, TX 76102**
**(817) 509-6127**

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1t

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jami Couri on behalf of Kristina Kastl
Bar No. 24025467
jcouri@kastllaw.com
Envelope ID: 48858802
Status as of 12/13/2020 11:04 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kristina N.Kastl | | eservice@kastllaw.com | 12/11/2020 9:21:52 AM | SENT |
| Sorana Ban | | sban@kastllaw.com | 12/11/2020 9:21:52 AM | SENT |
| Sandra Gomez | | sgomez@kastllaw.com | 12/11/2020 9:21:52 AM | SENT |